Ely Tem v. Holder
BIA
LaForest, IJ
A087 445 673

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand twelve.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge,*
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

MOHAMED ALY BABA ELY TEM,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-3736-ag
NAC

_____

FOR PETITIONER:     H. Raymond Fasano, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Linda Y. Cheng, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Aly Baba Ely Tem, a native and citizen of Mauritania, seeks review of a September 2, 2011, decision of the BIA affirming the July 7, 2010, decision of Immigration Judge ("IJ") Brigitte Laforest, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Aly Baba Ely Tem*, No. A087 445 673 (B.I.A. Sept. 2, 2011), *aff'g* No. A087 445 673 (Immig. Ct. N.Y. City July 7, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, "including the portions not explicitly discussed by the BIA." *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's adverse credibility determination under the substantial evidence standard, treating it as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications such as Ely Tem's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies or omissions in the applicant's statements, without regard to whether the inconsistencies or omissions go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Ely Tem challenges the agency's adverse credibility determination as a whole. However, in appealing the IJ's decision to the BIA, Ely Tem addressed only one of the IJ's bases for finding him not credible – the inconsistency regarding the date of his arrest. He did not specifically dispute the other inconsistencies identified by the IJ, including inconsistencies between his testimony and the personal statement included with his asylum application concerning other details of his arrest (whether police beat him upon his arrival at the police station, whether he was conscious at the time, and what occurred at the police station after his arrest); inconsistencies between his testimony and his asylum application concerning his place of

3

residence from August to October 2008 and his activities during that period; inconsistencies between his testimony and evidence submitted in support of his asylum application regarding which of his family members had been questioned by Mauritanian authorities about his present whereabouts; and inconsistencies between his testimony and the affidavit he submitted describing how he obtained his Mauritanian passport.

In his appeal to the BIA, instead of specifically contesting these adverse credibility findings, Ely Tem conclusorily asserted that the IJ "denied the case based on misunderstanding or incorrect assumptions" and that "[a] review of the record demonstrates that the appellant was responsive and detailed with respect to the questions asked of him." In his petition to this Court, Ely Tem makes similarly conclusory arguments.

Even assuming that Ely Tem's challenge to the agency's adverse credibility determination is properly preserved for our review, *see Karaj v. Gonzales*, 462 F.3d 113, 119 & n.2 (2d Cir. 2006), his challenge fails on the merits. Substantial evidence supports the agency's adverse credibility determination, based on the above-mentioned

4

inconsistencies between and among Ely Tem's testimony and his asylum application, the personal statement included with his application, and the evidence submitted in support of his application.

Ely Tem's challenges to the BIA's opinion are unavailing. Ely Tem argues that "the Board did not apply any test, standard or scrutiny with respect to [his] appeal of the IJ's denial of his asylum claim." The BIA's decision, however, explicitly stated and correctly applied the appropriate standard of review. *See* 8 C.F.R. § 1003.1(d)(3)(i) (providing that factual findings, including credibility determinations, are reviewed by the BIA for clear error).

Next, Ely Tem claims that the agency "mischaracterized the record," because the IJ and the BIA described his testimony as "inconsistent," whereas he claims that "he answered every question in a detailed and responsive manner." However, the BIA's decision addressed the many inconsistencies noted by the IJ, including several inconsistencies not addressed by Ely Tem on appeal, and reasonably concluded that the IJ's adverse credibility determination was not clearly erroneous. *See Xiu Xia Lin*, 534 F.3d at 167 (finding that the agency "may rely on *any*

5

inconsistency or omission in making an adverse credibility determination" as long as the totality of the circumstances establishes the applicant is incredible (internal quotation marks omitted)). Accordingly, Ely Tem's suggestion that the BIA failed to "carefully" or "thorough[ly]" consider the record is without merit.

Finally, Ely Tem characterizes the inconsistencies noted by the agency as "a minor misunderstanding, all of which were cleared up with consistent and reasonable explanations." But his proffered explanations are non-compelling, concern only some of the inconsistencies identified by the agency, and fail to establish that "no reasonable fact-finder could make such an adverse credibility ruling." *See id.; see also* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because the totality of the circumstances supports the agency's adverse credibility determination, we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Ely Tem's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of

6

removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7